# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

HOLLY D. BOGGS and
RUSSELL BOGGS,

                Plaintiffs,

v.                                  CIVIL ACTION NO. 5:17-cv-04239

IMPERIAL FIRE AND CASUALTY
INSURANCE COMPANY, et al.,

                Defendants.

# MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defendant Rimkus Consulting Group, Inc.'s Renewed Motion to Dismiss with Supplemental Authority and Answer to First Amended Complaint* (Document 38), *Defendant Rimkus Consulting Group, Inc.'s Memorandum of Law in Support of Motion to Dismiss* (Document 23), the *Plaintiffs' Response in Opposition to Defendant Rimkus Consulting Group, Inc.'s Renewed Motion to Dismiss with Supplemental Authority* (Document 42), and *Defendant Rimkus Consulting Group, Inc.'s Reply in Support of Renewed Motion to Dismiss* (Document 45).

The Court has also reviewed Imperial Fire and Casualty Insurance Company, Integon National Insurance Company, and National General Insurance Company's (collectively, the Insurers') *Renewed Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (Document 39), the *Supplemental Memorandum of Law in Support of Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (Document 40) and incorporated *Memorandum of Law in Support of Motion to Dismiss* (Document 17), the

*Plaintiffs' Response in Opposition to Renewed Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (Document 41) and incorporated *Plaintiffs' Response in Opposition to Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (Document 20).

Further, the Court has reviewed the *Joinder of Torrent Technologies, Inc. in Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) Filed by Imperial Fire and Casualty Insurance Company, Integon National Insurance Company and National General Insurance Company* (Document 69) and the *Plaintiffs' Response in Opposition to Joinder of Torrent Technologies, Inc., in Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) Filed by Imperial Fire and Casualty Insurance Company, Integon National Insurance Company, and National General Insurance Company* (Document 72). Finally, the Court has reviewed the previous briefing not expressly incorporated, all exhibits, and the *First Amended Complaint* (Document 37). For the reasons stated herein, the Court finds that the motions to dismiss and for joinder should be granted.

**FACTUAL ALLEGATIONS**

The Plaintiffs, Holly D. Boggs and Russell Boggs, named the following Defendants in their first amended complaint: Imperial Fire and Casualty Insurance Company, Integon National Insurance Company, National General Insurance Company, Fountain Group Adjusters, LLC, Torrent Technologies, Inc., and Rimkus Consulting Group, Inc. The Boggs own a home in White Sulphur Springs, West Virginia. They obtained a flood insurance policy from Imperial and/or Integon, underwritten by Integon, with claims processing by National General. Fountain,

Torrent, and Rimkus each played a role in the adjustment, investigation, and evaluation of the Plaintiffs' claims.

On or about June 23, 2016, a flood damaged the Plaintiffs' home. The damages exceeded the limits of their flood insurance policy. They filed claims and proofs of loss in accordance with the policy. Rimkus visited the Plaintiffs' home to evaluate the damage and estimate the costs of repair. Rimkus found certain damages that they later deleted as incorrect, but even the initial report did not accurately identify all of the flood related damages. The Defendants denied the Plaintiffs' claim in a letter dated June 27, 2017.

The Plaintiffs' complaint does not clearly delineate the legal causes of action, but appears to assert claims for breach of contract, negligence, and bad faith. They seek compensatory damages, consequential damages, punitive damages, and attorney fees and costs.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be

a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

### A. *The Insurers*

The Insurers argue that only the Plaintiffs' breach of contract claim may proceed, as other claims and types of damages are preempted by the National Flood Insurance Act (NFIA) and the National Flood Insurance Program (NFIP). The Plaintiffs argue that the federal regulations contemplate state law claims, and that federal common law provides an avenue for their claims related to improper insurance adjustment and bad faith. In addition, Torrent seeks to join in the Insurers' motion, arguing that the allegations against it are similar and subject to the same legal challenges as the allegations against the Insurers. The Plaintiffs again argue that their claims are viable and should be permitted to proceed.

Flood insurance is governed by the National Flood Insurance Act of 1968 (NFIA), which created the National Flood Insurance Program (NFIP). 42 U.S.C. § 4001 *et seq*. In addition to policies sold by the Federal Emergency Management Agency (FEMA), the NFIP permits private insurance companies to issue flood insurance policies in accordance with NFIP regulations. 44 C.F.R. § 62.23. Those private insurance companies are responsible for "the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the Program, based upon the terms and conditions of the Standard Flood Insurance Policy," but FEMA remains responsible for paying claims. 44 C.F.R. § 62.23(d); *Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 631 (4th Cir. 2017). Policies issued by private insurance companies are known as Write-Your-Own, or WYO, policies.

The Standard Flood Insurance Policy (SFIP) sets forth detailed explanations of the extent and conditions of coverage, as well as limitations on suits arising from flood insurance claims. Claims may be brought only in federal district court. 44 C.F.R. § Pt. 61, App. A(1), art. VII, pt. R. Further, "[the SFIP] policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law." *Id*. at § Pt. 61, App. A(1), art. IX. FEMA cited the need for uniformity in enacting the policy language establishing that suits must be heard in federal court, subject to federal law. *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1344 (11th Cir. 2007) (quoting 65 Fed.Reg. 34, 824, 826–27 (May 31, 2000)). As the Fourth Circuit explained, "National Flood Insurance Policies, claims under those Policies, and disputes relating to the handling of claims under those Policies are highly regulated and subject exclusively to federal law." *Woodson*, 855 F.3d at 632. Any state law claims or remedies related to flood insurance policies are preempted under the NFIA and associated regulations. *Id.* at 638.

The Plaintiffs seek to pursue state law claims for bad faith, as well as state remedies for attorneys' fees and punitive damages. The Court finds that such claims are preempted by federal law, as held in *Woodson*. The Plaintiffs also, however, assert alternative legal grounds for such claims and remedies under either the NFIP and associated regulations and/or under federal common law, as expressly contemplated within the preemption provision of the Standard Flood Insurance Policy. There is no binding precedent within the Fourth Circuit[1] addressing whether there is a legal basis for such claims.

---

1 In *Woodson*, the Fourth Circuit noted that such claims "if available," would be defeated by the applicable statute of limitations, which is not at issue here.

Other circuits have viewed efforts to bring bad faith claims pursuant to federal common law as improper attempts to pursue preempted state law claims. *See, e.g. Gunter v. Farmers Ins. Co.*, 736 F.3d 768, 773 (8th Cir. 2013); *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 394–95 (5th Cir. 2007) (finding no evidence that "the reference to 'federal common law' in the SFIP somehow vests policyholders with the right to bring extra-contractual claims against a WYO insurer"); *Psychiatric Sols., Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 652 F. App'x 122, 125 (3d Cir. 2016) (unpublished). The Eighth Circuit reasoned that the reference to federal common law contained in the SFIP was intended only to direct courts to apply standard principles of contract interpretation, not to open additional avenues for relief. *Gunter*, 736 F.3d at 772–73.

The Fourth Circuit has held that "[f]ederal common law controls the interpretation of insurance policies issued pursuant to the National Flood Insurance Program." *Studio Frames Ltd. v. Standard Fire Ins. Co.*, 369 F.3d 376, 380 (4th Cir. 2004) (quoting *Leland v. Fed. Ins. Adm'r*, 934 F.2d 524, 529 (4th Cir. 1991)). In *Studio Frames*, the Fourth Circuit looked to federal common law to permit a theory of repudiation of the contract under the federal common law. *Id.* at fn. 3. When presented with the question, the District Court for the District of Maryland found no federal cause of action for extra-contractual claims related to the processing and administration of NFIP claims. *Howell v. State Farm Ins. Companies*, 448 F. Supp. 2d 676, 678–79 (D. Md. 2006).

The Court has some concern regarding the Plaintiffs' argument that the SFIP's express reference to federal common law directs a broader interpretation and permits extra-contractual claims. However, given the weight of the persuasive authority specific to interpretation of the NFIA, the SFIP, and related regulations, the Court finds that such claims are barred. It is not clear

what source(s) would form the basis of a federal common law claim for bad faith, breach of the covenant of good faith and fair dealing, and extra-contractual remedies. The Plaintiffs have not cited precedent for their interpretation, and no district court within this circuit or federal appellate court appears to have adopted such an interpretation. Nor do the regulations cited by the Plaintiffs create independent causes of action. Therefore, the Court finds that the motion to dismiss should be granted as to state law claims, the federal common law claim for bad faith, and the claims for damages beyond the loss covered by the Standard Flood Insurance Policy.

### B. *Rimkus*

Rimkus argues that it acted only as an engineer and had no involvement in the policy issuance or claims handling. It further asserts that all claims against it are barred by preemption. The Plaintiffs reiterate their position that state law claims may be pursued under the NFIA and NFIP regulations and/or federal common law. They further argue that Rimkus' position that it was not involved in claims handling exposes it to any otherwise preempted state law claims, as those claims do not arise from the handling of the Plaintiffs' flood insurance claims. Because Rimkus's duties to the Plaintiffs arise under state law, the Plaintiffs argue that preemption is not applicable. In reply, Rimkus reiterates that all claims against it arise out of the Plaintiffs' flood insurance claim.

As discussed in detail above, the Court finds that state law claims related to the administration of the Plaintiffs' flood insurance claim are preempted. Likewise, extra-contractual claims arising out of the flood insurance claims are not permitted under the NFIA. The Plaintiffs allege that Rimkus, as an agent of the Insurers, breached a duty owed to the Plaintiffs by providing

inaccurate estimates of the damages caused by the flood and the cost to repair those damages. Those inaccurate reports led to the denial of the Plaintiffs' claim.

Some courts have drawn a distinction between tort claims related to the adjustment or administration of a flood insurance policy, which are preempted, and tort claims related to the procurement of a flood insurance policy, for which authority is mixed. *Compare Moffett v. Computer Scis. Corp.*, 457 F. Supp. 2d 571, 588 (D. Md. 2006) (finding procurement claims preempted as a matter of conflict preemption) *with Reeder v. Nationwide Mut. Fire Ins. Co.*, 419 F. Supp. 2d 750, 759 (D. Md. 2006) (reviewing cases and concluding that procurement claims are not preempted). The Court is not aware of similar distinctions between the WYO insurer and its agents or contractors. The Plaintiffs' allegations against Rimkus clearly "aris[e] from the handling of any claim under the policy." SFIP, 44 C.F.R. § Pt. 61, App. A(1), art. IX. Therefore, those claims are preempted, and Rimkus' motion to dismiss should be granted.

### C. Torrent Technologies

Torrent Technologies seeks to join in the Insurers' motion to dismiss all claims except the breach of contract claim brought pursuant to the NFIA and accompanying regulations. The Plaintiffs' opposition reiterates their arguments that state law and federal common law claims are permissible.

The Court finds that the motion for joinder should be granted, and the motion to dismiss should likewise be granted for the reasons discussed above.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Insurers' *Renewed Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil*

*Procedure 12(b)(6)* (Document 39) and the *Joinder of Torrent Technologies, Inc. in Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) Filed by Imperial Fire and Casualty Insurance Company, Integon National Insurance Company and National General Insurance Company* (Document 69) be **GRANTED**. Only a breach of contract claim remains against these Defendants.

The Court further **ORDERS** that *Defendant Rimkus Consulting Group, Inc.'s Renewed Motion to Dismiss with Supplemental Authority and Answer to First Amended Complaint* (Document 38) be **GRANTED** and that all claims against Rimkus Consulting Group, Inc., be **DISMISSED**.

Finally, the Court **ORDERS** that the *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (Document 16) and *Defendant Rimkus Consulting Group, Inc.'s Motion to Dismiss* (Document 22), filed in relation to the initial complaint, be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:     August 17, 2018

*[Signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA